IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL ORJI,

Petitioner,

v.

WARDEN E. EMMERICH,

Respondent.

OPINION and ORDER

26-cv-106-jdp

Petitioner Michael Orji, without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, contending that a prison disciplinary decision that stripped him of good-conduct time for possessing a "stinger," which is a makeshift heating device, lacked evidentiary support. I allowed Orji to proceed on a due process claim and ordered respondent Warden E. Emmerich to respond to the petition. Orji's petition is fully briefed and ready for a decision on the merits.

But there is a threshold issue that the court must address before considering the merits: whether Orji's petition is moot. At the time Orji filed his petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. But the Bureau of Prisons' inmate locator website shows that he is no longer in BOP custody. A prisoner's habeas corpus petition generally becomes moot once he is no longer incarcerated; however, a petition is not moot if the former prisoner is experiencing collateral consequences from his conviction. *See Spencer v. Kemna*, 523 U.S. 1, 8–13 (1998). Courts do not presume that prison disciplinary proceedings have collateral consequences. *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012). And it is not clear whether it is even possible for an individual to allege sufficient collateral consequences from a prison disciplinary proceeding. *See Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004). Consequently, it appears that Orji's petition is now moot given that he is no longer in custody.

Even if Orji's petition were not moot, I would deny it on the merits. A prison disciplinary decision that results in the loss of good-time credits must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). A disciplinary decision must not be disturbed if there is *any* evidence in the record that could support it. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). In the underlying incident report, Orji admitted that he possessed a stinger: "Guilty, the stinger is mine." Dkt. 1, Ex. 1, at 2. Because the disciplinary decision is supported by Orji's confession, I would deny his petition for a writ of habeas corpus.

Orji also contends that he should have received a milder punishment for possessing a stinger. Orji alleges that he was charged with a Code 108 violation for possessing a hazardous tool. He argues that he should have been charged with a Code 305 violation for possession of an unauthorized item. Orji says that the punishments for the violations differ by "quite a bit of good time." Dkt. 11, at 2. Courts generally defer to the expertise of prison authorities regarding questions of prison discipline. *Garrity v. Fiedler*, 41 F.3d 1150, 1153 (7th Cir. 1994). Prison discipline that is seriously disproportionate to the offense committed can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Adams v. Carlson*, 488 F.2d 619, 635–36 (7th Cir. 1973). But the court sees no basis to conclude that Orji's punishment was unconstitutionally disproportionate. Prison officials may have reasonably viewed charging Orji with a Code 108 violation as necessary to punish and deter similar future conduct. *See Hawkins v. Sevier*, 169 F.4th 749, 756 (7th Cir. 2026) (loss of 19 years of good-conduct time for battery offense was not unconstitutionally disproportionate). I would deny Orji's petition for a writ of habeas corpus on this basis, too.

ORDER

IT IS ORDERED that petitioner Michael Orji's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED as moot.

Entered August 18, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge